Case 1:22-cr-10274-DJC   Document 56   Filed 09/06/23   Page 1 of 8



U.S. Department of Justice

*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 6, 2023

George W. Vien, Esq.
Donnelly Conroy & Gelhaar, LLP
260 Franklin Street
Boston, MA 02110

      Re:    United States v. Frank Loconte
              Criminal No. 22-cr-10274-DJC

Dear Mr. Vien:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Frank Loconte ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    <u>Change of Plea</u>

Defendant will plead guilty to Count One and Count Ten of the Indictment: mail fraud, in violation of 18 U.S.C. § 1341, and failure to pay tax, in violation of 26 U.S.C. §7202. Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one. The government agrees to dismiss Counts Two through Nine and Counts Eleven through Thirteen at the time of sentencing.

    2.    <u>Penalties</u>

Defendant faces the following maximum penalties for Count One: incarceration for 20 years; supervised release for three years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment; and for Count Ten: incarceration for five years; supervised release for three years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

    3.    <u>Sentencing Guidelines</u>

1

The government will take the position that the defendant's Total Offense Level ("TOL") is 23 based on the following calculation:

   a. For Count One, Defendant's base offense level is seven, because the offense of conviction has a statutory maximum term of imprisonment of 20 years (USSG §2B1.1(a)); Defendant's offense level is increased by 18, because the loss is more than $3,500,000 but less than $9,500,000 (USSG 2B1.1(b)(1)(J) resulting in a base offense level of 25;

   b. For Count Two, Defendant's base offense level is 24 (USSG 2T4.1(J));

   c. Defendant's offense level is increased by two, because Defendant abused a position of public or private trust in a manner that significantly facilitated the commission or concealment of the offense. (USSG § 3B1.3);

   d. The counts are not grouped because they concern different victims (USSG§ 3D1.2). There is a total of 1 Unit (USSG § 3D1.4). The total combined level is 28;

   e. If (a) the proposed United States Sentencing Guidelines § 4C1.1 (Adjustment for Certain Zero-Point Offenders)("Proposed Guideline § 4C1.1") becomes effective prior to Defendant's sentencing hearing; (b) U.S. Probation determines that Defendant does not receive any criminal history points, and (c) the United States determines that Defendant otherwise meets the criteria in Proposed Guideline 4C1.1, the United States will recommend that Defendant's offense level be reduced by two levels pursuant to § 4C1.1. If Proposed Guideline § 4C1.1 is not yet effective at the time of Defendant's sentencing, but above criteria (b) and (c) are met, the United States will recommend that Defendant receive a two-level downward variance pursuant to 18 U.S.C.§ 3553(a). In exchange for this recommendation, Defendant agrees to not seek a further reduced sentence based on Proposed Guideline § 4C1.1; and,

   f. Defendant's offense level is decreased by three, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

The defendant will take the position that the defendant's TOL is 16 based on the following calculation:

   g. For Count One, Defendant's base offense level is seven, because the offense of conviction has a statutory maximum term of imprisonment of 20 years (USSG §2B1.1(a)); Defendant's offense level is increased by 14, because the loss is more than $550,000 but less than $1,500,000 (USSG 2B1.1(b)(1)(H) resulting in a base offense level of 21;

2

    h. For Count Two, Defendant's base offense level is 14 (USSG 2T4.1(E));

    i. The counts are not grouped because they concern the same victims resulting in no base offense increase (USSG§ 3D1.2)

    j. If (a) the proposed United States Sentencing Guidelines § 4C1.1 (Adjustment for Certain Zero-Point Offenders)("Proposed Guideline § 4C1.1") becomes effective prior to Defendant's sentencing hearing; (b) U.S. Probation determines that Defendant does not receive any criminal history points, and (c) the United States determines that Defendant otherwise meets the criteria in Proposed Guideline 4C1.1, the Defendant's offense level would be reduced by two levels pursuant to § 4C1.1. If Proposed Guideline § 4C1.1 is not yet effective at the time of Defendant's sentencing, but above criteria (b) and (c) are met, the Defendant should receive a two-level downward variance pursuant to 18 U.S.C.§ 3553(a). In exchange for this recommendation, Defendant agrees to not seek a further reduced sentence based on Proposed Guideline § 4C1.1; and,

    k. Defendant's offense level is decreased by three, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

    4.    <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

3

    a) incarceration within the Guidelines sentencing range as calculated by the government;

    b) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    c) 36 months of supervised release;

    d) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing;

    e) restitution for the Title 26 offense in the amount of $3,7000,000, pursuant to 18 U.S.C § 3663,, and restitution for the Title 18 offense in the amount of $1,200,000, pursuant to 18 USC § 3663A; and

    f) forfeiture as set forth in Paragraph six.

5.    <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

    a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

    b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines, or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the

U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense. The assets to be forfeited specifically include, without limitation, the following:

    a.    a money judgment as determined by the Court, to be entered in the form of an Order of Forfeiture (Money Judgment).

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty and that, due at least in part to the acts or omissions of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

Defendant agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after pleading guilty a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*   \*   \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Laura J. Kaplan.

          Sincerely,

          JOSHUA S. LEVY
          Acting United States Attorney

By:    */s/ Timothy E. Moran*
          Timothy E. Moran
          Chief, Organized Crime & Gang Unit

          */s/ Laura J. Kaplan*
          Laura J. Kaplan
          Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge(s) against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense(s). I believe this Agreement is in my best interest.

_____
Frank Loconte
Defendant

Date: 9/6/23

I certify that Frank Loconte has read this Agreement and that we have discussed what it means. I believe Frank Loconte understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
George W. Vien
Attorney for Defendant

Date: Sept 6, 2023

8